IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEREK J. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3171 |
| | ) | |
| JEROME COMBS DETENTION CENTER et al., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The plaintiff, currently incarcerated in Illinois River Correctional Center, filed this case on May 3, 2011, challenging his treatment at the Jerome Combs Detention Center from September 2009, to March 2011. The case was originally assigned to Chief Judge Michael P. McCuskey, who subsequently recused himself, vacated the prior merit review orders, and reassigned the case to this Court. The case is now before this Court for a merit review.

## Legal Standard

The Court is required by 28 U.S.C. § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer, and through such process to identify cognizable claims, dismissing claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ."  A hearing is held if necessary to assist the Court in this review, but in this case the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own.

The review standard under 28 U.S.C. § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(other

quoted cite omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

Analysis

It appears from the Complaint that Plaintiff had surgery on his hip for avascular necrosis[1] shortly before he was detained in the Jerome Combs Detention Center (the "Jail"). While at the Jail, he was allegedly denied medications, physical therapy, and other tests and treatments that

---

[1]According to an attachment to the Complaint, "[a]vascular necrosis is death of bone tissue due to lack of blood supply." (d/e 1-2, p. 2).

were prescribed by his "outside" doctor for his hip condition and for other medical conditions. He was also allegedly denied treatment for medical conditions he suffered after his admission to the Jail, such as rectal bleeding.

The Court assumes that Plaintiff was a pretrial detainee during the relevant times, not a convicted prisoner, which means that his claim is governed by the Fourteenth Amendment, not the Eighth Amendment, but there is no practical difference between the legal standards on a claim for lack of medical care. Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 301 n.2 (7th Cir. 2010); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001). A pretrial detainee must show that "(1) an objectively serious injury or medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it." Chapman, 241 F.3d at 845. An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a

doctor's attention.'" Chapman, 241 F.3d at 845 (quoted citations omitted).  The subjective component, deliberate indifference, does not encompass negligence or even gross negligence.  Chapman, 241 F.3d at 845 (citation omitted).  A defendant acts with deliberate indifference if he or she personally knows about the serious medical need, has the authority and opportunity to do something about it, and yet consciously disregards the problem.  Thomas, 604 F.3d at 301 ("The official must have subjective knowledge of the risk to the inmate's health and also must disregard that risk.").

    The Court concludes that Plaintiff's allegations state a claim for deliberate indifference to his serious medical needs.  An inference of serious medical needs arises from Plaintiff's own descriptions of his conditions and from the attachments to his Complaint.  Inferences of deliberate indifference also plausibly arise against the medical professionals from Plaintiff's allegations that he repeatedly informed them of his medical needs to no avail.  Which, if any, of these medical defendants bears personal responsibility must await a more developed

record.

However, defendants without medical training are generally entitled to, and must, rely on the medical professionals to diagnose and treat an inmate's medical conditions. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted).

The Jail administrators—Defendants Downey, Bukowski and Kolitwenzew —are not medical professionals. Yet, Plaintiff alleges that they disregarded a state court's orders directing that Plaintiff's medications be given and also that they had the authority to grant or deny Plaintiff's requests for medical treatment. Accordingly, their liability cannot be ruled out. Downey, Bukowski, and Kolitwenzew will stay in as defendants on the medical claim for now.

In sum, the Court concludes that Plaintiff states a federal claim for deliberate indifference to his serious medical needs against the following defendants: Timothy Menard (physician's assistant), Tannikki White

(physician's assistant), Heather Gill (registered nurse), Charee Sangster (nurse), Timothy Bukowski (Sheriff), Michael Downey (Chief of Corrections), and Chad Kolitwenzew (Assistant Chief of Corrections). No plausible inference arises that the other defendants—"J. Most" and Gloria Lochnes—played any part in the denial of medical care to Plaintiff.

The Court cannot discern any other plausible federal claims from the rest of Plaintiff's allegations, which are discussed in turn below.

Plaintiff seems to allege that he was retaliated against for obtaining a state court order directing the Jail to provide his medicines. "The federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of conditions of confinement, . . . as well as the right to be free from retaliation for exercising this right." Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996)(citations omitted). However, Plaintiff does not explain what retaliation he suffered. He may be alleging that his crutches were taken in retaliation, but the attachments to his Complaint show that the stated reason for the crutch

7

confiscation was that Plaintiff was pretending to take his medicine and then hiding it in the hollow parts of his crutches, in order to peddle it to other inmates. Whether this is true or not is not the issue. To prove a retaliation claim, Plaintiff must show that the retaliatory action would not have occurred but for the retaliatory motive. *See* Fairley v. Andrews, 578 F.3d 518, 525-26 (7th Cir. 2009); Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996). No plausible inference arises from these allegations that the confiscation of the crutches would not have occurred but for the alleged retaliatory motive. Additionally, there is no plausible inference on these allegations that the confiscation of the crutches amounted to deliberate indifference to Plaintiff's serious medical needs.

In any event, even if Plaintiff could state some sort of federal claim arising from the confiscation of the crutches, that claim would belong in a separate lawsuit. The crutch confiscation involves a different transaction and occurrence and different people than the defendants on the medical claim discussed above. *See* Fed. R. Civ. P. 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different

defendants belong in different suits . . .").

Plaintiff also makes conclusory allegations of discrimination, apparently based on his medical condition or based on his allegation that, as a Kankakee County prisoner, he was treated less favorably than federal prisoners or prisoners from Cook County who were staying at the Jail. If Plaintiff is trying to state a claim under the Americans with Disabilities Act ("ADA"), he has not done so. The ADA does not apply to claims of inadequate medical treatment. <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996)(ADA is not violated by a "prison's simply failing to attend to the medical needs of its disabled prisoners."). As for the federal and Cook County prisoners, Plaintiff seems to be alleging that those prisoners are not required to help pay for medical expenses from their own funds, like he is. That is not an equal protection violation: the Constitution does not require Kankakee County to follow the same procedures for medical cost reimbursement as other counties or the federal government.

Plaintiff also alleges in conclusory fashion that he was subjected to strip searches in view of other inmates and female correctional officers. A

strip search conducted in an unnecessarily humiliating manner can violate the Constitution. *See* Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003)(strip search conducted in harassing manner intended to humiliate and inflict psychological pain stated claim); Canedy v. Boardman, 16 F.3d 183 (7th Cir. 1994)(claim stated by male inmate alleging two female officers strip searched him, though many male officers were nearby and could have done search); *cf.* Johnson v. Phelan, 69 F.3d 144 (7th Cir. 1995)(limiting Canedy to searches involving tactile inspection and finding no claim stated where female officers, in conducting duties, observed male inmates naked). Plaintiff's allegation, though, is too vague and conclusory to allow an inference that the plaintiff was subjected to unconstitutional strip searches. The plaintiff might be able to amend his complaint to give enough factual detail to state a strip search claim, but the claim would not be properly joined in this lawsuit because it arises from a different transaction and is against different persons than those responsible for his medical treatment. *See* George, *supra.*

Similarly, Plaintiff alleges that he was locked down for 36 hours, but a temporary lock down of that duration does not give rise to a constitutional violation. Delaney v. DeTella, 256 F.3d 679, 683-84 (7th Cir. 2001)(limited denials of exercise are not unconstitutional).

Plaintiff also appears to allege that he was denied access to the courts. An access to the courts claim only arises if Plaintiff suffered an "actual injury" from the inability to pursue a nonfrivolous claim. Lewis v. Casey, 518 U.S. 343, 351 (1996); May v. Sheahan, 226 F.3d 876, 883 (7th Cir. 2000). Denial of access to legal resources or to the legal library does not, by itself, state an access claim. Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003)("[A] right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim."), *abrogated on other grounds as recognized in* Parrott v. U.S., 536

F.3d 629, 635 (7th Cir. 2008). Plaintiff does not identify any nonfrivolous claim that he was unable to pursue. He does mention a mandamus petition that he intended to file in state circuit court, which he thinks was "intercepted," but that conclusory allegation is not enough to plausibly infer that he was prevented from pursuing a nonfrivolous claim. And, as discussed above, even if he might able to state an access claim with additional allegations, the claim would belong in a separate lawsuit.

Plaintiff also alleges that money has been illegally deducted from his commissary account. It is apparent from Plaintiff's petition for mandamus that this claim is based on state law. A violation of state law is not, by itself, a violation of federal law. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit.").[2] Additionally, the Court cannot take supplemental jurisdiction of this state claim because it is

---

[2]The Court states no opinion on whether the deductions violated state law, but does note for Plaintiff's benefit that the Illinois Attorney General Opinion cited by him in his petition for mandamus came before amendments to 730 ILCS 125/20, which allow for the "reasonable deduction from money credited to any account of an inmate to defray the costs to the county for an inmate's medical care."

unrelated to the medical claim. 28 U.S.C. § 1367(a).

IT IS THEREFORE ORDERED:

1) Pursuant to the Court's merit review of the complaint under 28 U.S.C. § 1915A, the court finds that Plaintiff states a federal constitutional claim for deliberate indifference to his serious medical needs during his stay at the Jerome Combs Detention Center from September 2009 through March 2011. This claim proceeds against the following defendants: Timothy Menard, Tannikki White, Heather Gill, Charee Sangster, Timothy Bukowski, Michael Downey, and Chad Kolitwenzew. The Clerk is directed to reinstate Defendants Bukowski and Downey.

2) At this point, the case proceeds solely on the federal claim identified in paragraph one above and solely against the defendants identified in paragraph one above. *See* CDIL-LR 16.3(C)("At any time a Case Management Order is issued by the court defining the remaining claims in the case, the case will proceed solely on those claims . . . . except in the Court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.").

3) All claims other than the claim identified in paragraph one above are dismissed without prejudice for failure to state a claim. Defendants "J. Most" and Gloria Lochnes are dismissed for failure to state a claim against them. The Jerome Combs Detention Center remains terminated as a defendant.

4) Plaintiff's petition for mandamus (d/e 5) is denied. The Court lacks supplemental jurisdiction over this state law

claim.

5) Plaintiff's requests to add defendants and to obtain a list of all pending cases against Jerome Combs Detention Center are denied. (d/e 9). The Clerk and Court do not conduct discovery for the parties. If Plaintiff seeks copies of the docket sheet in another case, he should submit a request detailing the case name and number and submitting 10¢ per page, prepaid.

6) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order. After entry of the Scheduling Order, service of Defendants will be attempted.

7) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

ENTERED: June 30, 2011

FOR THE COURT:

                    s/Sue E. Myerscough
                    SUE E. MYERSCOUGH
              UNITED STATES DISTRICT JUDGE