UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEREK BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3171 |
| | ) | |
| JEROME COMBS DETENTION CENTER, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Danville Correctional Center, pursues claims for deliberate indifference to his serious medical needs during his detention at Jerome Combs Detention Center. Before the Court are several motions by Plaintiff, which are addressed in turn below.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to amend is denied (d/e 67). The Court does not accept partial amendments. The proposed amended complaint must

1

stand complete on its own. More importantly, discovery deadlines were set in September, 2011. Plaintiff does not adequately explain his delay in seeking to add new Defendants and new claims. Plaintiff was aware of these individuals' alleged involvement at the time when care was denied to him because he personally experienced those denials. (*See* Plaintiff's response, d/e 73, p. 4). Allowing the amendment would unduly prejudice the existing Defendants and unnecessarily delay the progression of this case. Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008)( "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."). Additionally, he appears to seek to add the County, but the County is already a Defendant. Plaintiff's Monell claim against the County will be addressed at summary judgment.

2) Plaintiff's request to hold Defendants liable for an alleged violation of HIPPA is denied. There is no private right of action for a violation of HIPAA. Doe v. Bd. Trustees Univ. Ill., 429 F.Supp.2d 930,

944 (N.D.Ill.2006) ("Every court to have considered the issue, ... has concluded that HIPAA does not authorize a private right of action.")(citing cases).

    3) Plaintiff's motion for subpoenas (d/e 75) is granted in part. The clerk is directed issue a subpoena addressed to Riverview Pharmacy, 475 Brown Boulevard, Suite 105, Bourbonnais, Illinois 60914. Plaintiff is responsible for completing the subpoena and timely serving it pursuant to the requirements of Fed. R. Civ. P. 45. The subpoena must be served by July 2, 2012. Plaintiff's motion is otherwise denied. A subpoena is not necessary to compel a party to produce information. To the extent Plaintiff seeks to compel additional responses to his discovery requests, the Court sustains the Defendants' objections. Plaintiff does not explain how records of narcotic prescriptions for other detainees is relevant to his claim or reasonably calculated to lead to relevant, admissible evidence. Similarly, a list of all cases filed against the detention center since 2005 is not relevant or reasonably calculated to lead to relevant, admissible evidence.

4) Plaintiff's motion to compel copies of the depositions of Drs. Zumwalt and Verghese is denied (d/e 76). Defendants have informed Plaintiff how to obtain copies of those depositions, and Defendants are not required to subsidize Plaintiff's litigation. *See* Johnson v. Daley, 339 F.3d 582, 586 (7th Cir. 2003)("Although prisoners enjoy a fundamental right of access to the courts . . . there is no right of subsidized access")(emphasis omitted). However, the Court will not consider any deposition at the summary judgment stage unless a complete copy is filed and provided to Plaintiff. Additionally, the Court will not allow the introduction of any deposition testimony at trial for which Plaintiff does not have a complete copy. Defendants have agreed to provide Plaintiff with copies of the insurance agreements, which they are directed to do by June 29, 2012.

5) The Court agrees with Defendants' argument that Plaintiff's records from the Iroquois Mental Health Center may be relevant to their defense. The records will therefore be produced over Plaintiff's objections. The clerk is directed to send the sealed records (d/e 72) to

Defense counsel.

6) Discovery is closed, with the exception of Plaintiff subpoena for information from the pharmacy and the provision of the insurance agreements to Plaintiff.

7) The dispositive motion deadline is extended to August 17, 2012.

8) The final pretrial conference is rescheduled to April 8, 2013 at 1:30 p.m..  Defense counsel shall appear in person.  Plaintiff shall appear by video conference.

9) The jury trial is rescheduled to May 7, 2013 on the Court's trailing trial calendar.  The actual date for the trial will be determined at the final pretrial conference.

ENTERED: June 7, 2012

FOR THE COURT:

                                                  s/Sue E. Myerscough
                                                  SUE E. MYERSCOUGH
                                          UNITED STATES DISTRICT JUDGE