UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEREK BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3171 |
| | ) | |
| JEROME COMBS DETENTION | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Danville Correctional Center, pursues claims for deliberate indifference to his serious medical needs during his detention at Jerome Combs Detention Center.

Before the Court is Plaintiff's motion to compel responses to the interrogatories he sent to Defendants on May 9, 2012. Defendants refused to respond on the grounds that Plaintiff did not send those interrogatories at least 30 days before the close of discovery, as required

1

by the Court's scheduling order.  However, Defendants do not dispute Plaintiff's assertion that Plaintiff contracted a MRSA infection which rendered him unable to sit upright for several weeks beginning in February 2012 and from which he did not fully recover until March 2012.  Plaintiff asked for an extension of discovery in March, detailing his medical problems and disclosing that he was halfway done drafting interrogatories to Defendants.  The Court granted that motion, extending discovery to the end of May.

    The Court concludes that Plaintiff has shown good cause why he sent his interrogatories too late to be received by Defendants within 30 days of the close of discovery.  Further, Plaintiff mailed the requests only about two weeks late and he had no control over how long the prison would take to process the mail.  Accordingly, the Court will not deny the motion to compel on the grounds of untimeliness.

    However, most of Plaintiff's interrogatories are argumentative, overly broad, seek irrelevant information, or are already answered by the information provided in Defendants' summary judgment motion.

Plaintiff's claims are about deliberate indifference to his serious medical needs. Specifically, his claims arise from the alleged denial of narcotic pain medicine, denial of physical therapy, denial of a thicker mattress, failure to treat a rash, and failure to treat rectal bleeding. In the interests of efficiency, the Court will compel responses only those interrogatories that are relevant to these claims and that do not appear already answered by Defendants' motion for summary judgment.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to compel is granted in part and denied in part (d/e 81).

2) By January 21, 2013, Defendants are directed to respond to the following interrogatories:

> Defendant Tim Bukowski is directed to respond to Plaintiff's interrogatories to him numbered 9, 12, and 14.
>
> Defendant Michael Downey is directed to respond to Plaintiff's interrogatories to him numbered 3, 4, 6, 7, 8, 9, 11, 12, 16, 17, 18, and 19.
>
> Defendant Kolitwenzew is directed to respond to Plaintiff's interrogatories to him numbered 3, 4, 5, 6, 10, 11, 12, 13, 14, 17, and 19.

Defendant Timothy Menard is directed to respond to Plaintiff's interrogatories to him numbered 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, and 23.

Defendant Heather Gill is directed to respond to Plaintiff's interrogatories to her numbered 5, 6, 7, 8, 10, 13, 16, 17, 18, and 20.

Defendant Charee Sangster is directed to respond to Plaintiff's interrogatories to her numbered 5, 8, 9, 10, 11, 12, and 13.

Defendant Tannikki White is directed to respond to Plaintiff's interrogatories to her numbered 5, 6, 7, 8, 11, 12, 13, 14, and 15.

3) Defendants' motion to cite additional authority is granted (d/e 94). The Court will consider the case cited by Defendants, as well as the Plaintiff's response to the motion to cite additional authority.

4) Plaintiff's response to the pending summary judgment motion is due February 15, 2013.

5) Plaintiff's motion to compel the production of insurance agreements is denied (d/e 87), with leave to renew if his case survives summary judgment. Defendants have already provided the policy declarations and have agreed to provide the full policies if the case goes to

trial.

6) Plaintiff's motion for action on the motion to compel is denied as moot (d/e 86).

7) Motion 96 is denied because the motion was inadvertently filed in the wrong case.

ENTERED: December 14, 2012

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
